IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Paul Sheneman,** | ) | CASE NO. 4:16 CV 1153 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **United States,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Michael Paul Sheneman is a federal inmate incarcerated in the Federal Correctional Institution in Elkton, Ohio, having been convicted in 2011 in the Northern District of Indiana of four counts of wire fraud. He has filed this *in forma pauperis* action seeking a writ of *habeas corpus* under 28 U.S.C. §2241, challenging his conviction on the grounds that his lawyer had a conflict of interest, his conviction was based on "false exhibits" and "perjured testimony," and the Government "had no jurisdiction." For the reasons stated below, the petition is denied and this action is dismissed.

The district court must conduct an initial review of habeas petitions. *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). Pursuant to "[28 U.S.C.] §2243, the district has a duty to screen out a habeas corpus petition which is meritless on its face." *Id.* "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

This petition must be dismissed pursuant to §2243. Petitioner has already filed two prior §2241 petitions in this District challenging his conviction on the grounds he asserts. *See Sheneman v. Hanson*, No. 4: 15 CV 2554 (N.D. Ohio) (Carr, J.); *Sheneman v. United States*, No. 4: 15 CV 1907 (N.D. Ohio) (Lioi, J.). Judges Carr and Lioi dismissed his prior petitions on the merits, finding he had not asserted any claim cognizable under §2241.

Petitioner now attempts, for the third time, to challenge the legality of his federal detention via §2241. However, his claims under §2241 have already been resolved against him and are barred by the doctrine of claim preclusion, which provides that "a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented." *See Smith v. Reno*, 3 Fed. App'x 403 (6th Cir. 2001) (affirming dismissal of a pro se petitioner's fourth challenge to a federal detainer under §2241 on the ground of claim preclusion).

Accordingly, petitioner's application to proceed *in forma pauperis* (Doc. No. 3 ) is granted; his petition is denied under the doctrine of claim preclusion; and this action is summarily dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2016